IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 1:23-cr-10 |
| Plaintiff, | : |
| | : |
| v. | : Judge Susan J. Dlott |
| | : |
| WILLIE BOYCE, | : **ORDER DENYING DEFENDANT'S** |
| | : **MOTION FOR BOND** |
| Defendant. | : |

This matter is before the Court on Defendant Willie Boyce's Pro Se Motion for Bond (Doc. 21) and his attorney's Motion for Bond (Doc. 22), which the Government opposes (Doc. 23). For the reasons set forth below, Defendant's Motion will be **DENIED**.

## I. BACKGROUND

On February 1, 2023, Boyce was indicted on four counts of wire fraud, in violation of 18 U.S.C. § 1343, stemming from fraudulent applications for Paycheck Protection Program ("PPP") loans administered by the Small Business Administration ("SBA"). (Doc. 1.) Days later, on February 8, 2023, Boyce was sentenced in Hamilton County, Ohio to a term of nine months of imprisonment for identity fraud and tampering with records. (Presentence Report "PSR", ¶ 57.) The same day, the United States Magistrate Judge issued a Writ of Habeas Corpus Ad Prosequendum, in which the Court ordered that Boyce be brought to federal court for an initial appearance on the indictment and that he "shall be retained for forthcoming court proceedings until this case is concluded." (Doc. 6 at PageID 20.)

On February 9, 2023, Boyce made his initial appearance in this Court. (Feb. 9, 2023 Minute Entry.) Because Boyce was serving a state sentence, the issue of detention was determined to be moot, and Boyce was ordered detained pending trial. (*Id.*) As to detention, the

Magistrate Judge stated in her Order of Detention Pending Trial that "[d]efense counsel indicated bond was moot as the defendant is not currently eligible for release due to pending matters in another case, to wit, the defendant is being detained on state court charges." (Doc. 11 at PageID 26.) Boyce entered into a Plea Agreement on March 17, 20223 in which he agreed to plead guilty to Count 1 of the Indictment. (Doc. 30.) Sentencing in this matter is scheduled for October 11, 2023. (Doc. 20.)

On August 20, 2023, Boyce filed a pro se request to be released on bond, and his attorney supplemented his request by filing a sealed Motion for Bond on September 13, 2023. (Docs. 21, 22.) The Government opposes the request. (Doc. 23.) For the reasons that follow, Boyce's Motion will be **DENIED**.

## II. LAW AND ANALYSIS

### A. Law

18 U.S.C. § 3143 governs release or detention of a defendant pending sentencing, as in this case. Pursuant to § 3143(a)(1), "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

### B. Analysis

Boyce argues that he should be released on bond because he is not a danger to the community or a flight risk. He emphasizes the non-violent nature of his fraud offense. His attorney, supplementing his pro se motion, argues that granting Boyce bond would allow him to be returned to state custody to resolve the detainer lodged against him and then to reside with his

2

children and girlfriend among completion of his 9-month state sentence prior to self-reporting for his federal sentencing hearing. Counsel acknowledges that the sentencing in this case would need to be postponed as a result. Defense counsel also argues that Boyce has mitigating history and characteristics and asserts that he has disassociated from the negative influences in his life.

The Government supports detention due to the circumstances of the crime to which Boyce pled guilty and his criminal history, including the fact that the instant offense was committed while Boyce was still under a sentence for drug trafficking. (Doc. 23.) Specifically, pursuant to the Statement of Facts to which he admitted, upon release from a four-year state prison sentence in March 2021, Boyce submitted two fraudulent applications for PPP loans, falsely claiming he was an independent contractor in the business of taxi and ridesharing services. (Doc. 14 at PageID 35.) He claimed he was running this business during the time in which he was actually serving a prison sentence. The PPP loans totaling over $40,000 were deposited in Boyce's personal bank account in April and May, 2021, and he made subsequent purchases at Gucci, Louis Vuitton, Expedia, Hampton Inn, and Delta Airlines, spending all of the money by May 18, 2021. (*Id.*) Boyce's criminal history includes ten prior criminal convictions, and, as noted, and he committed the instant offense while under a state sentence for drug trafficking. (PSR, ¶¶ 48–61.) According to the PSR, Boyce's guideline range for this offense is calculated at 33 to 41 months of imprisonment. (PSR, ¶ 93.)

Although he suffered from a traumatic childhood, Boyce has a lengthy criminal history which concerns the Court he would be a danger to the community. Boyce's criminal history includes drug trafficking, as well as failure to appear and the commissions of new crimes while under court supervision. (PSR, ¶¶ 48–57.) Boyce's criminal history concerns the Court that Boyce would be likely to not report for sentencing in this matter and/or commit new crimes

3

while on bond. However, the Court cannot overlook that releasing Boyce on bond now necessarily requires a lengthy continuance in this case to allow him to serve his state sentence, pushing sentencing well into to next year. The Court strives to resolve its criminal cases as expeditiously as possible, and this case is no exception. Thus, the Court does not find compelling the argument that Defendant should be released on bond. To do so would result in an approximately nine-month delay while Boyce serves his state sentence, is released, and then self-reports for sentencing in this Court once released from state custody.

In sum, although the Court is sympathetic of the unusual posture of this case involving prison sentences in two jurisdictions, Boyce has not met his burden of establishing by clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of any other person or the community if released.

### III. CONCLUSION

For the reasons discussed, Defendant's Motion for Bond (Docs. 21, 22) is **DENIED**.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court